In the Matter of the Claim of JOE BUCHANAN, Respondent, against BETHELHEM STEEL COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, February 3, 1955.

*Solon J. Stone* for appellant.

*Walter Kirkpatrick* for claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General* (*Harry Pastor* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Per Curiam.* Upon a finding by the Workmen's Compensation Board that on November 29, 1948, claimant contracted an occupational disease due to his employment while engaged in piling steel, this court and the Court of Appeals affirmed (278 App. Div. 594, affd. 302 N. Y. 848). The nature of the disease thus found by the board was " low back strain with muscle spasm ".

There was proof in that record that claimant had " a 25% spondylolisthesis, which is a congenitally weak back "; that because of this condition he " was prone to sustain a muscle

strain, or strain in that region "; and that the " work superimposed " on this congenital condition caused the " pain in the back " and " strained muscles ".

We are concerned on this appeal with the consequences of the occupational disease, if any, after May 31, 1949. Awards to that date have been paid. The board has now found that " As the natural consequence and effects of his occupational disease of low back strain and muscle spasm " as found in the earlier decision, claimant continued to suffer pain; that this necessitated an operation on January 12, 1950. All of this, it has been found, caused him to be disabled from May 31, 1949, to March 1, 1950.

Whether there is substantial evidence to associate this disability and the need for the operation with the occupational disease previously found by the board and reviewed by the court is the main question on this appeal. We think the proof in support of the finding may readily be demonstrated.

The surgeon who performed the operation on claimant's back testified that the operation was undertaken to relieve the pain and to strengthen claimant's back; and that the occupational work was a " reasonable cause for the complaints ". This testimony and other similar proof seems to justify the finding that the occupational disease previously found continued and that it required the operation.

It could, of course, also be argued that the back strain and muscle spasm had healed and that the subsequent pain and difficulty were due either to the congenital condition or to subsequent work, i.e., a later and separately contracted occupational disease.

If isolated expressions in the medical proof are considered quite separately this might be found by a fact-finding body; but it is clear that the surgeon was integrating his previous testimony with his observation and treatment after the period considered on the earlier appeal. The board readily could have found, as it did, that the condition requiring the operation was a result of the occupational disease described in its earlier findings in the case.

Appellant's argument that there is inconsistency in the medical testimony is based on the fact that while the surgeon had testified in the earlier hearing that claimant was disabled " by a muscle strain superimposed upon a pre-existing spondylolisthesis ", he " now testified " — so runs appellant's brief — that from the beginning the disability had been " caused by an aggravation by trauma of the pre-existing spondylolis-

thesis ''. This description of the physician's testimony, which seeks to persuade this court that the physician is now using '' trauma '' where he had previously described a '' disease '' and that this amounted to '' a change in opinion '' by the physician does not quite fairly present his testimony; and if followed literally would lead the court to believe that the physician had essentially changed his opinion. Reading it alone does not fully state the witness's view without also showing that when the carrier cross-examined the physician about what he meant by '' trauma '' in describing the original condition, he testified he meant the pain '' developing '' in the back without any '' specific accident ''; and that by '' trauma '' he was speaking of hard work. This plainly means occupational disease and not accident.

Appellant complains that it was precluded by the referee from fully cross-examining this physician on claimant's original physical condition. The referee felt that the original condition had been fully adjudicated on appeal and that the employer was precluded; but it is clear from the contextual discussion and from the examination of the physician, both before and after the expression of opinion by the referee, that the employer was permitted fully to examine the witness on the basis of his opinion expressed on the earlier hearing as well as his present opinion of the cause of the continuance of disability and the differences between such testimony.

Appellant does not suggest to us any specific line of questions having any real importance which counsel might have asked which were precluded by the referee's views, and it has not demonstrated on appeal that it has been prejudiced.

The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.